UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Shana Gray, individually<br>and on behalf of all others<br>similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>The CJS Solutions Group, LLC<br>d/b/a The HCI Group,<br><br>　　　　　Defendant. | Civ. No. 19-1008 (PAM/DTS)<br><br><br><br><br><br>**MEMORANDUM AND ORDER** |

　　　This matter is before the Court on the parties' Joint Motion for Approval of Settlement.  For the following reasons, the Motion is granted.

## BACKGROUND

　　　The full background of this litigation is set forth in the Court's Order denying a previous motion for settlement approval (Docket No. 167) and will not be repeated here.

　　　The parties, with the assistance of Magistrate Judge David T. Schultz, have agreed to a settlement of this matter.  This settlement differs in important respects from the settlement the Court previously declined to approve.  In particular, the only Plaintiffs who will receive the benefits and obligations under the settlement agreement are those who affirmatively opted in to this litigation.  Moreover, the record now reflects arms'-length negotiations, and provides evidence in support of the parties' requested distribution of settlement proceeds.

**DISCUSSION**

In evaluating a FLSA collective settlement, the Court need only ensure "that [the] settlement reached in adversarial proceedings represents a fair compromise of a bona fide wage and hour dispute" and "is fair and reasonable for all who are affected by it." McInnis v. Ecolab Inc., No. 11cv2196, 2012 WL 892187, at *2 (D. Minn. Feb. 17, 2012) (R. & R. of Keyes, M.J.) (R. & R. adopted by 2012 WL 892192 (D. Minn. Mar. 15, 2012)).

> To determine whether settlement terms are fair and equitable to all parties, a district court may consider a multitude of factors, including (1) the stage of the litigation and the amount of discovery exchanged, (2) the experience of counsel, (3) the probability of the plaintiff's success on the merits, (4) any overreaching by the employer in the settlement negotiations, and (5) whether the settlement is the product of arm's length negotiations between represented parties based on the merits of the case.

Stainbrook v. Minnesota Dep't of Pub. Safety, 239 F. Supp. 3d 1123, 1126 (D. Minn. 2017) (Wright, J.).

The Court conditionally certified a collective in this matter, consisting of "[a]ll individuals who performed work as an At-The-Elbow ("ATE") Consultant, also known as Epic Activation Consultant, for Defendant The CJS Solutions Group LLC d/b/a The HCI Group ("HCI" or "Defendant"), at any time from August 14, 2015 to May 31, 2017, and who did not previously participate in the settlement of an earlier filed litigation against HCI . . . ." (Docket No. 172 at 1.) The parties sent notice to members of the collective, and 176 individuals—out of a potential collective of more than 500—ultimately filed consents to participate in this litigation.

HCI has now agreed to settle the Gray collective's claims for $363,600. Of this amount, $133,600 is allocated to the opt-in Plaintiffs directly, and only those who have opted in to the collective are bound by the settlement's terms. (Stephan Decl. Ex. 1 (Docket

No. 193-3) ¶ 16.)  Each opt-in Plaintiff will receive a payment of $100 plus an "overtime hour value" for any hours that Plaintiff worked over 40 hours in a week.  (Id. ¶¶ 16.a, 16.b.) The parties also seek a representative award of $10,000 for Ms. Gray.  (Id. ¶ 22.)  The settlement allocates $5,000 for administrative costs.  (Id. ¶ 23.)  And the parties negotiated Plaintiffs' attorney's fees separately from the underlying liability, agreeing that $215,000 is an appropriate reimbursement for Plaintiffs' counsels' fees in this matter.  (Id. ¶ 21.)

Each opt-in Plaintiff will receive a settlement award check in an amount set forth in Exhibit A to the settlement agreement.  (Id. Ex. A.)  These individuals have 120 days to cash the check they receive.  Those cashing the check agree to release HCI "from all claims, obligations, demands, actions, rights, liabilities and causes of action of any kind or nature whatsoever, whether known or unknown, against Defendant or Releasees whether for violation of the FLSA or for any other local, state or federal wage statute, ordinance, rule or regulation, arising out of, relating to, or in connection with the nonpayment or inaccurate payment by any Released Party of wages, including without limitation all claims for unpaid wages, overtime [or other monetary relief]."  (Id. ¶ 13.)

Having considered the Stainbrook factors listed above, the Court concludes that the terms of the settlement are a fair compromise of Plaintiffs' claims and are fair and equitable to all parties.  The amount of Plaintiffs' attorney's fees and costs is likewise reasonable.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The Joint Motion for Approval of Settlement (Docket No. 192) is **GRANTED**;

2. The parties' settlement agreement and release is **APPROVED**, including settlement payments, allocation method, release of claims, payment of

3

       service award, designation of settlement administrator, payment of the administrator's costs, form of notice, and method of distribution;

3. The requested payment of $215,000 in attorney's fees and related costs is likewise **APPROVED**;

4. The notice of settlement and settlement amount shall be distributed in accordance with the terms of the settlement agreement; and

5. This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: Monday, September 13, 2021

                                        *s/ Paul A. Magnuson*
                                        Paul A. Magnuson
                                        United States District Court Judge